## Sassaman v. Prince

Bernard Rosenthal and Joseph L. Prince, for defendant.

Stevens & Lee, contra.

SHANAMAN, J., February 8, 1935.—This is a suit for damages for breach of promise to marry. Plaintiff obtained a verdict for $3,000. Defendant seeks a new trial on the sole ground that the verdict is excessive. Defendant urges that the engagement lasted 70 days or at the most, 79 days. In Zwalley v. Leinbach, 16 Berks 5, a verdict for $3,000 was sustained though the engagement lasted only 67 days. In that, as in the present case, plaintiff spent several hundred dollars for clothing, linens, and other preparatory purchases. As regards the financial circumstances of the defendant, the testimony is that defendant is a truck driver, earning $15 per week, employed for the last 14 years by his father, who is a baker and grocer. There is, however, testimony that defendant is a pigeon fancier and exhibitor, and has expensive and prize-winning birds. The father of the defendant testified that he gave defendant money to buy them, and being asked whether he gave his son money whenever he wanted it, replied "Not now". Being further questioned, "But you did before this suit and will do it after the case is over,"

the witness remained mute. It was also testified that the defendant collected gold pieces. He gave plaintiff among other gifts, two rings, for one of which he paid $60. The other, it was testified, was bought by his father and brother for $370, in order that defendant might give it to plaintiff. The father testified that his six sons worked for him and all lived with him, and that before the N. R. A., he gave them presents, besides their wages, and since then, has placed them on a minimum wage. Being asked, "Are you holding back money of his to be paid to him in the future?" he remained mute. The father testified that after he is gone, the business will belong to the boys. We cannot say, on a careful consideration of the testimony, that the financial condition of the defendant is less favorable than was that of defendant in the Zwalley case, supra, where we said, at page 7:

"Although there was little direct evidence of his [defendant's] financial ability and social standing, the jury would have been warranted by the testimony and matters mentioned in his letters to the plaintiff, in concluding that he was a reputable citizen, in good standing among his associates and in his church, and was at least able to maintain a wife in a comfortable home."

"No fixed measure of compensation to plaintiff can be laid down, but it is for the jury to award such amount as they deem proper under the circumstances of each particular case; and the question of the justice or adequacy of the verdict in an action for breach of marriage promise rests almost wholly in the judgment of the jury and in the discretion of the trial judge. Accordingly, however large the damages may be, and although they are higher than the court would have awarded, the verdict will not be disturbed unless the damages appear to be flagrantly excessive"; 9 C. J. 382.

And now, to wit, February 8, 1935, the rule for new trial is discharged.